

STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

ERIC T. SCHNEIDERMAN
ATTORNEY GENERAL

DIVISION OF STATE COUNSEL
LITIGATION BUREAU

(212) 416-6046
January 17, 2017

**By ECF**
Honorable Kenneth M. Karas
United States District Judge
United States District Court
Southern District of New York
300 Quarropas Street
White Plains, NY 10601-4150

Re: <u>**Porter v. Bunch, et al., 16-cv-5935**</u>

Dear Judge Karas:

  Pursuant to Your Honor's Individual Rules, I submit this letter to respectfully request leave for Defendants Bunch, Gascho, Pappas, Liciaga, and Sorge ("Defendants") to move to dismiss certain claims in this case pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Defendants' motion would assert the following grounds: Plaintiff fails to 1) state a claim for an Eighth Amendment violation because the alleged deprivation of water and electricity for a few hours did not constitute a constitutional violation; 2) plead facts sufficient to show that Defendants personally failed to intervene to protect Plaintiff from harm; 3) allege any indifference to his medical needs; and 4) allege a First Amendment violation.

The Facts
  Plaintiff brings this action pursuant to 42 U.S.C. § 1983, alleging that, Defendants subjected him to cruel and unusual punishment, used excessive force on him, failed to intervene to prevent harm to him, violated his First Amendment Rights, and were deliberately indifferent to his medical needs. First, he alleges that Defendant Bunch deprived him of water[1] and electricity for 7.5 hours, in violation of his Eighth Amendment and due process rights. Next, he alleges a separate incident in which Defendants Sorge, Gascho, and Pappas used excessive force on him, and colluded with Defendant Liciaga, who failed to provide proper medical care, to falsely cover up the incident.

---

[1] Plaintiff alleges that because the Muslim faith, of which he is a follower, requires adherents to wash before the daily prayers, the alleged lack of water "compromised [Plaintiff's] practice of his religion in that he was unable to properly complete five of his prayers." Compl. at ¶ 22.

120 Broadway, New York, New York 10271-0332 ● Tel.: (212) 416-8610 ● Fax: (212) 416-6075 (Not For Service of Papers)
www.ag.ny.gov

Eighth Amendment

Plaintiff alleges that Defendant Bunch violated his Eighth Amendment rights because he temporarily deprived him of water and electricity in his cell. Even assuming the truth of Plaintiff's claim that the power and water in his cell were briefly turned off for 7.5 hours, this *de minimis* deprivation is not objectively sufficiently serious to state a claim under the Eighth Amendment, particularly where, as here, Plaintiff has not alleged that he suffered any injury as a result of the brief loss of resources. *See Beckford v. New York State Office of Mental Health*, 06-CV-561, 2010 WL 1816689, at *12 (W.D.N.Y. May 3, 2010) (turning off water and electricity for 22 continuous hours did not rise to the level of an Eighth Amendment violation); *Abascal v. Fleckenstein*, No. 06-CV-349S, 2008 WL 3286353, at *6 (W.D.N.Y. Aug. 7, 2008). Moreover, Plaintiff fails to state a claim for a violation of substantive due process rights because Plaintiff's alleged constitutional claim is covered by and analyzed pursuant to the Eighth Amendment. *See Graham v. Connor*, 490 U.S. 386, 395, 109 S.Ct. 1865 (1989).

Failure to Intervene

Plaintiff claims that Defendant Liciaga failed to intervene to prevent an alleged use of excessive force upon Plaintiff, compl. ¶ 34, but fails to allege any non-conclusory facts to support this claim. Indeed, Plaintiff does not even allege that Defendant Liciaga was present during the alleged use of force. Instead, Plaintiff's claim refers to Liciaga's failure to intervene *after* the use of force ended, when Plaintiff was brought to see the nurse to appraise his injuries. *Id.* As such, this claim should be dismissed. *See, e.g., See Jean-Laurent v. Wilkinson*, 540 F. Supp. 2d 501, 512 (S.D.N.Y. 2008).

Additionally, Plaintiff asserts broadly that all defendants, generally, failed to intervene and prevent "such conduct" that caused harm to Plaintiff. Compl. ¶ 72. This allegation is entirely conclusory and as such cannot support a claim. In particular, Plaintiff fails to allege any conduct on the part of Defendant Bunch to have observed or be aware of the alleged use of force, and similarly Plaintiff fails to allege any facts that Defendants Gascho, Sorge, Pappas or Liciago were aware of the temporary deprivation of water and electricity. Personal involvement of a defendant is a prerequisite to liability under § 1983. See Ashcroft v. Iqbal, 556 U.S. 662, 677 (2009). Officials cannot be held liable simply because they hold positions of authority in the state prison system. Richardson v. Goord, 347 F.3d 431, 435 (2d Cir. 2003).

Deliberate indifference to Medical Needs

To demonstrate the deprivation of constitutionally inadequate medical care by prison personnel, a plaintiff must demonstrate that the defendant acted with deliberate indifference to his serious medical needs. *Estelle v. Gamble,* 429 U.S. 97, 104, 97 S.Ct. 285, 291 (1976); *see also Salahuddin v. Goord,* 467 F.3d 263, 279 (2d Cir.2006). The Court will find an Eighth Amendment violation only when the alleged deprivation is "objectively, 'sufficiently serious'" and the prison official acts with "'deliberate indifference' to inmate health and safety." *Salahuddin,* 467 F.3d at 279-80.

More than minor discomfort or injury is required to demonstrate a serious medical need. The standard is "a condition of urgency, one that may produce death, degeneration, or extreme pain." *Caiozzo v. Koreman,* 581 F.3d 63, 69 (2d Cir. 2009) (citations omitted). If the prisoner has alleged that the prison failed to treat his condition at all, then courts will consider the severity of

the medical condition itself. However, if the alleged violation is a disruption or delay in treatment, then "it's the particular risk of harm faced by a prisoner due to the challenged deprivation of care, rather than the severity of the prisoner's underlying medical condition." *Smith v. Carpenter*, 316 F.3d 178, 186 (2d Cir.2003); *see also Salahuddin*, 467 F.3d at 280.

Here, Plaintiff has not described any urgent or life-threatening injuries he suffered that required immediate medical care. Indeed, Plaintiff fails to allege what, if any, care Nurse Liciaga denied him. Instead, all he alleges, in a conclusory fashion, is she helped cover up defendants' misconduct with her medical notes. An erroneous record entry is insufficient to assert a violation of a constitutional right. *Roldan v. Kang*, 13-CV-6889, 2016 WL 4625688, at *4 (S.D.N.Y. Sept. 6, 2016). Though he claims he currently suffers body pains, is sleepless and has headaches, he does not state the injuries Nurse Luciaga ignored at the time of care. Moreover, his claim that he was denied outside medical care, without more, is insufficient to state a claim. *See, e.g., Goris v. Breslin*, 402 Fed. Appx. 582, 585 (2d Cir. 2010).

First Amendment

Defendants Sorge, Gascho, Liciago, and Pappas move to dismiss Plaintiff's claim that they violated any rights protected by the First Amendment. *See* Compl. ¶ 53. Plaintiff has failed to allege any protected First Amendment right that these Defendants allegedly violated, and neither does Plaintiff describe any harmful conduct in violation of this right. *See* Compl. generally.

Moreover, Plaintiff has failed to establish a First Amendment violation against Defendant Bunch because Plaintiff's brief averment that the temporary lack of water inconvenienced his ability to "appropriately complete five of his prayers" does not plead enough to sufficiently state a claim. *See, e.g., Wing v. Braye*, 10-CV-510, 2010 WL 5169558, at *2 (S.D.Ill. Dec. 4, 2010) (a "plaintiff must show a 'substantial burden' on a 'central religious belief or practice' to prevail under the Free Exercise Clause") (citations omitted). "De minimis burdens on the free exercise of religion are not of constitutional dimension." *Rapier v. Harris*, 172 F.3d 999, 1006 n. 4 (7th Cir.1999) (a prison's failure to accommodate an inmate's religious diet at three meals out of 810 was a de minimis burden on the inmate's Free Exercise rights). "To show a free exercise violation, the religious adherent. . .has the obligation to prove that a governmental regulatory mechanism burdens the adherent's practice of his or her religion by pressuring him or her to commit an act forbidden by the religion or by preventing him or her from engaging in conduct or having a religious experience which the faith mandates" and "[t]his interference must be more than an inconvenience[.]" *Graham v. C.I.R.*, 822 F.2d 844, 850–51 (9th Cir.1987). Accordingly, the First Amendment claims should be dismissed.

Respectfully submitted,

Colleen K. Faherty
Assistant Attorney General