

STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

ERIC T. SCHNEIDERMAN
ATTORNEY GENERAL

DIVISION OF STATE COUNSEL
LITIGATION BUREAU

(212) 416-6046
March 2, 2017

**By ECF**
Honorable Kenneth M. Karas
United States District Judge
United States District Court
Southern District of New York
300 Quarropas Street
White Plains, NY 10601-4150

Re: **Porter v. Bunch, et al.,** 16-cv-5935 (KMK)

Dear Judge Karas:

    Pursuant to Your Honor's Individual Rules, I submit this letter to respectfully request leave for Defendants Bunch, Gascho, Pappas, Liciaga, and Sorge ("Defendants") to move to dismiss certain claims in the amended complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Defendants' motion would assert the following grounds: 1) Plaintiff fails to state a claim for an Eighth Amendment violation related to the deprivation order because the alleged deprivation was *de minimus* and did not constitute a constitutional violation; 2) the facts alleged fail to show that any Defendant personally failed to intervene to protect Plaintiff from harm; 3) the alleged temporary and brief unavailability of water similarly constituted, at most, a *de minimus* burden on Plaintiff's religious practices, which does not implicate the First Amendment; and 4) there are no facts whatsoever alleged to indicate any Defendant deprived Plaintiff of due process at his disciplinary hearing.

The Facts

    Plaintiff includes an additional twelve pages and forty-five paragraphs to his amended complaint, but fails to correct the deficiencies of the original. He brings this action pursuant to 42 U.S.C. § 1983, alleging he was subjected to cruel and unusual punishment, his First Amendment rights were violated, and he was deprived of due process. First, he alleges that Defendant Bunch deprived him of water and electricity for 7.5 hours. Next, he alleges a separate incident in which Defendants Sorge, Gascho, and Pappas used excessive force on him, and colluded with Defendant Liciaga, who failed to provide proper medical care, to cover up the incident.

Eighth Amendment

Plaintiff alleges that Defendant Bunch violated his Eighth Amendment rights because he temporarily deprived him of water and electricity in his cell. As previously noted, even assuming the truth of Plaintiff's claim that the power and water in his cell were briefly turned off for 7.5 hours, this *de minimis* deprivation is not objectively sufficiently serious to state a claim under the Eighth Amendment, particularly where, as here, Plaintiff has not alleged that he suffered any injury as a result of the brief loss of resources. *See Beckford v. New York State Office of Mental Health*, 06-CV-561, 2010 WL 1816689, at *12 (W.D.N.Y. May 3, 2010). Moreover, the deprivation of drinking water claim does not improve Plaintiff's complaint. The brief deprivation of drinking water alleged was not a regular or continuous deprivation, and is insufficient to state a claim for relief. *See, Clay v. Lee*, 13-CV-7662, 2017 WL 436041, at *5 (S.D.N.Y. Jan. 27, 2017) (Karas, J.).

Failure to Intervene and Deliberate Indifference to Medical Needs

Plaintiff asserts broadly that all individual defendants, generally, failed to intervene and prevent such conduct that caused harm to Plaintiff. Am. Compl. ¶ 117. Defendants reassert that Plaintiff fails to identify specific conduct of each of the individual defendants that satisfies a claim of "failure to intervene." *See* ECF No. 24. General allegations do not satisfy the requirements of personal involvement to establish liability under § 1983. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009). Officials cannot be held liable simply because they hold positions of authority in the state prison system. *Richardson v. Goord*, 347 F.3d 431, 435 (2d Cir. 2003).

Plaintiff alleges that Defendant Liciaga did not accurately report Plaintiff's injuries that resulted from the alleged use of force incident, which Plaintiff claims constitutes deliberate indifference to his medical needs and a failure to intervene. Plaintiff concedes that Defendant Liciaga "could not have intervened to stop the assault once it had concluded." ECF No. 26, 2. To the extent that Plaintiff claims that Nurse Liciaga's failure was the filing of a false medical report, Plaintiff—without more—has failed to adequately state a claim. "There is no basis for a constitutional claim alleging the mere filing of a false report." *Moore v. Casselberry*, 584 F.Supp.2d 580, 582 (W.D.N.Y. 2008) (*citing Freeman v. Rideout*, 808 F.2d 949, 951 (2d Cir. 1986)).

First Amendment

Plaintiff alleges that because his faith requires "regular washing and ablutions," the alleged water deprivation "cause[d] him spiritual, mental and emotion distress by preventing [him] from complying with these religious practices." Am. Compl. at ¶ 35. Plaintiff has failed to plead a First Amendment violation against Defendant Bunch because the allegation that the temporary lack of water somehow inconvenienced his ability to "complete his religious practices," does not state a claim. The right to free exercise is not "absolute or unbridled, and is subject to valid penological concerns." As a threshold matter, "[t]he prisoner must show...that the disputed conduct substantially burdens his sincerely held beliefs." *Salahuddin v. Goord*, 467 F.3d 263, 274-75 (2d Cir. 2006). A substantial burden stands in contrast to a *de minimis* burden on the free exercise of religion. Burdens that are less than substantial or isolated are not of constitutional dimension. *See McEachin v. McGuinnis*, 357 F.3d 197, 203 n.6. (2d Cir. 2004) ("There may be inconveniences so trivial that they are most properly ignored. In this respect, this area of the law is no different from many others in which the time-honored maxim, '*de minimis non curat lex*' applies."); *Brown v. Graham*, 470 Fed.Appx. 11, 15 (2d Cir. 2012).

Additionally, Defendants Sorge, Gascho, Liciago, and Pappas seek leave to move to dismiss Plaintiff's claim that they violated any rights protected by the First Amendment. *See* Am. Compl. ¶¶ 94, 115. Plaintiff has failed to allege any protected First Amendment activity that these Defendants interfered with. *See* Am. Compl. generally.

Due Process

Plaintiff's allegation that Defendants Sorge, Gascho, and Pappas filed and prosecuted a false infraction report against him does not assert a procedural due process claim. A prison inmate "has no constitutionally guaranteed immunity from being falsely or wrongly accused of conduct which may result in the deprivation of a protected liberty interest." *Freeman*, 808 F.2d at 951. To assert a due process claim, the inmate must further allege facts that show that "he was deprived of due process during the resulting disciplinary hearing." *Williams v. Dubray*, 557 F.App'x 84, 87 (2d Cir. 2014). Plaintiff here does not complain of any issues with the disciplinary hearing. *See* Am. Compl. generally. Accordingly, he fails to state a due process violation based on the allegation of the false filing of a misbehavior report against him. Moreover, Plaintiff's allegation that nurse Luciaga's falsified medical report deprived him of due process similarly fails to state a claim.

Further, a prisoner has a liberty interest that is implicated by SHU confinement, only if the discipline "imposes [an] atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 514 U.S. 472, 484 (1995). "Discipline by prison officials in response to a wide range of misconduct falls within the expected parameters of the sentence imposed by a court of law." *Id.* Courts of this Circuit have affirmed the dismissal of due process claims in cases where, as here, the period of time spent in SHU was exceedingly short—less than thirty days—and there was no indication that plaintiff endured unusual SHU conditions. *See, e.g., Hynes v. Squillance*, 143 F.3d 653, 658-659 (2d Cir. 1998) (21 days keeplock); *Arce v. Walker*, 139 F.3d 329, 335-36 (2d Cir. 1998) (18 days in SHU). Here, Plaintiff was convicted of a disciplinary ticket for disobeying a direct order and served 28-days in punitive segregation. Without any allegation of unusual conditions, this does not rise to the level of hardship that would create a liberty interest in avoiding segregation for misbehavior.

Lastly, Plaintiff also fails to state that he was denied due process because Plaintiff's complaint that the 7.5-hour loss of water and electricity does not rise to the level of "atypical and significant hardship" protected by *Sandin*. *See Sims v. Gorman*, 09-CV-6643, 2012 WL 566875, at *7 (W.D.N.Y. Feb. 21, 2012) (the standard is whether "the complained of conduct was arbitrary or conscienceshocking").

Respectfully submitted,

*Colleen K. Faherty*

Colleen K. Faherty
Assistant Attorney General