UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

MELVIN PORTER,

                   Plaintiff,

          -against-                  16 Civ. 5935 (KMK)

NYS DOCCS SERGEANT TIMOTHY BUNCH,
et al.,

                   Defendants.
------------------------------------------------------------------X


# REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANTS' MOTION TO DISMISS


ERIC SCHNEIDERMAN
Attorney General of the
State of New York
Attorney for Defendants
120 Broadway - 24th Floor
New York, New York 10271
(212) 416-6046


COLLEEN K. FAHERTY
Assistant Attorney General
   of Counsel

# Contents

**PRELIMINARY STATEMENT** ............................................................................................1

POINT I:     PLAINTIFF HAS FAILED TO STATE A CONDITIONS OF
             CONFINEMENT CLAIM AGAINST DEFENDANT BUNCH ...........................1

POINT II:    DEFENDANT BUNCH IS ENTITLED TO QUALIFIED IMMUNITY ..............5

POINT III:   PLAINTIFF FAILS TO DEMONSTRATE THAT THE NOVEMBER
             2014 DEPRIVATION ORDER VIOLATED ANY OF PLAINTIFF'S DUE
             PROCESS RIGHTS ...............................................................................8

POINT IV:    PLAINTIFF FAILS TO STATE A FIRST AMENDMENT CLAIM....................9

POINT V:     PLAINTIFF FAILS TO ALLEGE DEFENDANT COLE'S PERSONAL
             INVOLVEMENT ...................................................................................10

**CONCLUSION** ....................................................................................................**10**

## PRELIMINARY STATEMENT

Defendants New York State Department of Corrections and Community Supervision ("DOCCS") Sergeant Timothy Bunch, Correction Officer ("C.O.") Joshua Pappas, C.O. Steven Gascho, C.O. Michael Sorge, Sergeant William Cole, C.O. Clive Waithe, and Nurse Carol Liciaga, by their attorney, Eric T. Schneiderman, Attorney General of the State of New York, respectfully submit this reply memorandum of law in further support of their motion to dismiss certain claims in the Second Amended Complaint (SAC), pursuant to 42 U.S.C. § 1997e(a) and Federal Rule of Civil Procedure 12(b)(6).

Plaintiff's Memorandum of Law in Opposition to Defendants' Partial Rule 12(b)(6) Motion to Dismiss (the "Opposition") does not remedy the deficiencies of the SAC, which fails to state any factual allegations, whatsoever, sufficient to demonstrate that Sergeant Bunch or Sergeant Cole violated any of Plaintiff's rights. Moreover, Plaintiff's Opposition utterly fails to dispute that the Deprivation Order was anything other than a *de minimis* inconvenience. Further, the inmate-representatives' statement in the informal grievance recommendation has no bearing on whether qualified immunity should apply to Defendant Bunch's use of the deprivation order. Finally, because ensuring the safe recovery of a weapon meets the legitimate penological interest of maintaining institutional safety, Plaintiff cannot demonstrate a First Amendment violation.

## ARGUMENT

### POINT I:  PLAINTIFF HAS FAILED TO STATE A CONDITIONS OF CONFINEMENT CLAIM AGAINST DEFENDANT BUNCH

Even after repeatedly amending his complaint, Plaintiff utterly fails to plead facts sufficient to show that Plaintiff's SAC has substantive plausibility, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), or to provide proper notice of the charges against each individual defendant. *See* ECF Nos. 24, 31, 42, & 46. Indeed, Plaintiff has finally—for the first time in his Opposition—clarified the

claims against each Defendant. Accordingly, the only claims currently before this Court are Eighth and First Amendment and Due Process claims against defendant Bunch for the November 2014 Deprivation Order; Eighth Amendment excessive force and failure to intervene claims against defendants Pappas, Sorge, Gascho, Waithe, and Cole for the December 2015 use of force incident; and an Eighth Amendment deliberate indifference to medical needs claim against defendant Liciaga. *See* Pls. Opp., p. 6, n.2; *also*, *id.* at p. 29 (noting that Plaintiff withdrew any alleged due process claims arising from the November 2015 use of force incident).[1]

The law is clear that the alleged lack of water, for such a brief seven-and-a-half hour period, does not rise to a constitutional violation. *See Whitenack v. Armor Medical*, No. 13-CV-2071, 2013 WL 2356110, at *7 (S.D.N.Y. 2013) ("a deprivation of food and water during detention that only lasted a few hours [does] not rise to the level of a constitutional violation); *Herring v. Tabor*, No. 12-CV-1739, 2014 WL 2946545, at *9 (N.D.N.Y. June 30, 2014) (collecting cases); Defs. Memo of Law, p. 6-8. Plaintiff's attempts to re-craft the allegations in the SAC to bolster the apparent severity of the Deprivation Order should be rejected. First, any new allegations raised in Plaintiff's Opposition are simply not cognizable. *O'Brien v. Nat'l Prop. Analysts Partners*, 719 F.Supp. 222, 229 (S.D.N.Y. 1989) ("[It] is axiomatic that the Complaint cannot be amended by the briefs in opposition to a motion to dismiss."). As set forth in Plaintiff's Opposition, in his statement of facts, Plaintiff attempts to amend his pleadings to include a physical injury resulting from the November 2014 deprivation order. *Compare,* Pls. Opp., p. 16 ("Plaintiff did suffer mutually compounding, deleterious effects to his paralytic bowel condition, high blood pressure, arthritis, liver disease and knee problems" which included a "significant dysfunction in and consequences to the musculo-

---

[1] To the extent that the SAC is ambiguous about the claims against each of the Defendants, *see* Defs. Memo of Law, p. 4-6, this Court should dismiss those extraneous claims not otherwise included in Plaintiff's representation about claims currently before this Court.

skeletal, circulatory, respiratory, digestive and excretory systems of his body"), *with* SAC ¶¶ 44-45 (stating, generally, that Plaintiff experienced "pain and suffering and other physical manifestations of his medical conditions as a result of his inability to take the medications"). Even if the Court were to accept Plaintiff's new allegations—which it should not—the addition of an anatomical name for the body parts about which Plaintiff complains does not salvage his poorly alleged complaint to now state that he suffered any physical injuries.[2] Indeed, these allegations are wholly conclusory, provide no particularized fact to demonstrate injury and thus are not sufficient to state a claim. *See Herring*, 2014 WL 2946545, at *9.

Moreover, Plaintiff fails to allege facts sufficient to demonstrate that Sergeant Bunch was actually aware that Plaintiff, or other inmates on the block, had certain particular medical conditions. The SAC includes only conclusory statements about Sergeant Bunch's general awareness of certain relevant facts, such as Plaintiff's medical conditions and plethora of medications. SAC ¶¶ 24, 34. Plaintiff fails to allege any facts sufficient to demonstrate that Defendant Bunch issued the deprivation order knowing that it would subject Plaintiff to an excessive risk of danger or harm. *See generally* SAC ¶¶12-60; *cf.* ¶46 ("it can be *inferred* from Defendant Bunch's actions…"); ¶ 50 ("it can be *inferred* that the order was meant to wantonly and unreasonably inflict suffering…") (emphasis supplied). At best, the SAC implies that by mere virtue of his position in the facility, Sergeant Bunch should have known that Plaintiff suffered from multiple medical ailments, which required a complex cocktail of medications, and thus defendant Bunch should have known the risks to which Plaintiff would be exposed without water for a brief period of time. SAC ¶¶ 24, 34, 35. Indeed, Plaintiff's SAC and the Opposition seem to indicate that not only should Defendant Bunch have known Plaintiff's entire medical history and

---

[2] Indeed, Plaintiff cannot rebut Defendants' argument that the Prison Litigation Reform Act requires a physical injury in order to proceed. 42 U.S.C. § 1997e(e).

3

medications, but also, Defendant Bunch should have known that Plaintiff would not take his medications while there was a temporary interruption to Plaintiff's water service in place. Plaintiff fails to demonstrate how Sergeant Bunch's mere assignment to work as the "housing unit's supervisor," *id.* at ¶ 24, necessitates that Sergeant Bunch was aware of the particulars about Plaintiff. Plaintiff does not indicate that Sergeant Bunch was ever informed about Plaintiff's medical conditions, or even that Defendant was made aware that Plaintiff could not take his medication without water. *Id.* at ¶¶ 12-60, *generally*. Although Plaintiff's Opposition makes more direct statements that Sergeant Bunch "knew" about Plaintiff's "chronic health problems," SAC, p. 9, and "medication regimen," *id.* at 7, because of "Bunch's regular work in A-North where [Plaintiff] resided," *id.* at 9, these statements are wholly conclusory. Even still, Plaintiff cannot amend his complaint in the Opposition. *O'Brien*, 719 F. Supp. At 229. In any event, such general knowledge of health conditions would not justify the leap of logic required to infer that Defendant Bunch therefore knew a brief interruption in water would endanger Plaintiff. Aptly stated, the complaint fails to allege facts concerning the November 2014 deprivation order that nudge the pleading from possible to plausible, *Bell Atlantic v. Twombly*, 550 U.S. 544, 555, and the Opposition does nothing to improve upon those claims.

Additionally, Defendant Bunch ultimately restored the brief interruption to the block's water and electricity. "The cases are clear that where…prison officials resolve the…problem rather than ignore it, they do not act with deliberate indifference." *Calhoun v. New York City Dept. of Correction*, No. 10-CV-182, 2014 WL 144659, at *8 (S.D.N.Y. Jan. 14, 2014). Such conduct is not sufficient to establish the "deliberate indifference" required for an Eighth Amendment violation. *See, e.g., Farmer v. Brennan*, 511 U.S. 825, 839 (1944) ("to act recklessly . . . a person must '*consciously* disregard[]' a substantial risk of serious harm") (emphasis added). Accordingly,

4

because Plaintiff fails to sufficiently allege facts to establish that Defendant Bunch was deliberately indifferent, that claim must be dismissed.

Lastly, Plaintiff's Opposition categorizes Bunch's conduct as "antithetical to human dignity," Pls. Opp. at 19, in an attempt to claim that the deprivation order was "per se forbidden," *id.* at 14. Plaintiff's reliance upon *Hope v. Pelzer*, is misplaced; that case is inapposite to the facts at issue here. In *Hope*, the Supreme Court ruled that Alabama's "systematic" practice of using a hitching post was unconstitutional because it was a tool to impose improper corporal punishment for relatively trivial offenses, and conducted in a manner that was both "degrading and dangerous." 536 U.S. 730, 745. Here, Plaintiff has not alleged any facts sufficient to indicate that the deprivation order was more than a temporary interruption to the block's water service. *See generally* SAC ¶¶ 12-60. Narrowing the SAC to simply the facts alleged—and ignoring the voluminous paragraphs discussing the recommendations of the American Bar Association, which are irrelevant—there are no allegations to suggest that the lack of water for seven-and-a-half hours was the type of conduct that can be viewed as a systematic practice, intended to punish inmates in a degrading and dangerous manner.

**POINT II:    DEFENDANT BUNCH IS ENTITLED TO QUALIFIED IMMUNITY**

Qualified immunity "attaches when an official's conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *White v. Pauly*, 137 S.Ct. 548, 551 (2017) (internal citations omitted). For a right to be clearly established, "existing precedent much have placed the statutory or constitutional question beyond debate." *White*, 137 S.Ct. at 551. The clearly established law "must be particularized to the facts of the case…otherwise plaintiffs would be able to convert the rule of qualified immunity…into a rule of virtually unqualified liability simply by alleging violation of extremely abstract rights." *Id.*

"An officer cannot be said to have violated a clearly established right unless the right's contours were sufficiently definite that any reasonable official in his shoes would have understood that he was violating it." *City & Cty. of San Francisco v. Sheehan*, 135 S.Ct. 1765, 1774 (2015).

There is no clearly established right to be free from *de minimis* inconveniences that are imposed in order to maintain institutional safety and security in the prison context. To the contrary, conditions that are "restrictive and even harsh" are "part of the penalty that criminal offenders pay for their offenses against society." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981).

In his Opposition, Plaintiff relies upon a statement made in the Inmate Grievance Review Committee's ("IGRC") review of Plaintiff's grievance about the deprivation order to rebut Defendants' contention that Sergeant Bunch is entitled to immunity. Specifically, Plaintiff's Opposition includes a portion of a document that purports to be the IGRC response to Plaintiff's grievance concerning the deprivation order,  which states staff should not "subject the inmate population to conditions that amount to a clear violation of the 8th amendment that pr[e]clude any cruel and unusual treatment." Pls. Opp. at Exh. 2. First, Plaintiff's exhibit is an incomplete document. *See* Fed. R. Evidence 106. It fails to include the complete grievance file in the inmate's possession. To the extent that the Court considers Plaintiff's extrinsic evidence in support of Plaintiff's opposition to qualified immunity, Defendants have provided the complete grievance file, with appropriate redactions made. *See* Faherty Decl., at Exh. A.[3]

Nonetheless, a statement issued by the IGRC is insufficient to rebut qualified immunity. Recommendations from the IGRC are solely advisory; they are informal attempts through the administrative process to assist in the resolution of inmate grievances. *See* 7 N.Y.C.R.R. 701.1 *et seq*. Such an informal process of recommendations is a far cry from the "clearly established right"

---

[3] Attached as "Exhibit A" to the declaration of Colleen K. Faherty is a copy of Plaintiff's grievance file # SUL 21533/15.

required to defeat qualified immunity. Moreover, to the extent that this Court considers the statement by the IGRC relevant for the "reasonable officer" standard, the document clearly indicates that section of the recommendation was issued by the inmate-grievance representatives, and is not the unanimous position of the full IGRC, let alone the position of the staff members on the IGRC.[4] Simply put, Plaintiff cannot rely upon the IGRC inmate representatives' statement to rebut the "reasonable officer" standard.

Moreover, to the extent that this Court reviews it, the complete grievance file demonstrates that the incident was fully investigated and it is clear that Sergeant Bunch issued the Order to search for a missing mop ringer. Sergeant Bunch ensured that water was provided to the inmates on the block, and the deprivation order was only accidentally left in place longer than necessary. Indeed, Sergeant Bunch had been called away for an emergency, and upon his return he immediately attempted to restore the power, but an error in the control room delayed the restoration of power and water. *See* Faherty Decl., Exh. A, p. 1. This was a search for contraband to maintain prison security, not an intentional act to harm the inmates, and CORC found "no discrimination or malice by staff." *Id.* "Prison administrators…should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security." *Hudson v. McMillan*, 503 U.S. 1, 6 (1992) (internal quotation marks and citations omitted). As such, Defendant is entitled to qualified immunity because a reasonable officer could have believed that briefly interrupting water and electric service would not violate an inmate's constitutional rights, particularly when the water

---

[4] The reviewing IGRC consists of five individuals: two inmate representatives, two staff members (usually a civilian and a facility sergeant), and a non-voting chairperson. 7 N.Y.C.R.R. § 701.4. If after a review of an inmate's grievance, the Committee is unable to agree upon a unanimous recommendation, the decision is written as a split decision authored by the "reps," or inmate representatives, and the "staff," or facility representatives. Regarding Plaintiff's grievance, the IGRC recommendation was a split decision and it was the inmate representatives who stated that staff should not "subject the inmate population to conditions that amount to a clear violation of the 8th amendment that pr[e]clude any cruel and unusual treatment."

deprivation was only a temporary interruption, necessary for the contraband search that was performed to ensure institutional safety and security.

**POINT III:   PLAINTIFF FAILS TO DEMONSTRATE THAT THE NOVEMBER 2014 DEPRIVATION ORDER VIOLATED ANY OF PLAINTIFF'S DUE PROCESS RIGHTS**

Plaintiff complains that, in violation of 7 N.Y.C.R.R. § 305.2, Bunch "unilaterally imposed the deprivation order without providing any prior notice to Mr. Porter or the other inmates, and without giving them an opportunity to be heard." Pls. Opp., p. 25. First, a violation of a prison regulation does not necessarily give rise to a constitutional violation. *See, e.g., Hyman v. Holder*, No. 96-CV-7748, 2001 WL 262665, at \*4 (S.D.N.Y. Mar. 15, 2001). Moreover, taking Plaintiff's complaint to its conclusion would result in the absurd outcome of having prison officials conduct town hall meetings before any type of official action could occur. This proposition is, quite simply, illogical. Nonetheless, whether § 305.2 confers on Plaintiff a procedural due process right is dubious, at best. *See Smith v. Burge*, 2006 WL 2805242, at \*9 ("First, I do not believe that 7 N.Y.C.R.R. § 305.2 confers on Plaintiff a procedural due process right."). However, even if Plaintiff were entitled to some form of process concerning the temporary shut-off of his water and electricity, Plaintiff received it. Section 305.2(d) requires that Plaintiff have notice of the deprivation and an opportunity to be heard. The SAC makes clear that Plaintiff received notice of the deprivation, SAC ¶ 25, and his complaints were heard when he grieved the matter fully. *Id.* at ¶¶ 11, 58. Accordingly, even if § 305.2 conferred a due process right on Plaintiff, he was not deprived of it. *See Smith*, 2006 WL 2805242, at \*9-10; *Willey v. Kirkpatrick*, No. 07-CV-6484, 2013 WL 434188, at \*11 (W.D.N.Y. Feb. 4, 2013).

**POINT IV:   PLAINTIFF FAILS TO STATE A FIRST AMENDMENT CLAIM**

As described above, Plaintiff has failed to establish—and his Opposition cannot salvage Plaintiff's claims—that Defendant Bunch acted in a manner to knowingly cause harm to any particular inmate. *See, supra*, Point II. Similarly, Plaintiff's SAC fails to allege any facts whatsoever sufficient to demonstrate that Sergeant Bunch issued the deprivation order knowing that it would impinge on Plaintiff's religious obligations. Plaintiff conclusorily asserts that Defendant Bunch knew of Plaintiff's religious obligations because of Sergeant Bunch's "regular supervision of" the housing block. SAC ¶35. However, Plaintiff does not provide any facts whatsoever sufficient to demonstrate how Sergeant Bunch's supervision of the block made him aware of how Plaintiff "hewed closely to religious practices." *Id*. There are no allegations that Sergeant Bunch discussed these practices with Plaintiff, or that the Sergeant commented on these religious practices, *id. generally* at ¶¶ 12-60; instead, Plaintiff simply assumes Defendant's knowledge merely because of the Sergeant's presence on the block. *Id.* ¶ 35. Moreover, Plaintiff's Opposition further fails to amend the pleadings to include factual details that Bunch somehow knew from "his regular post in A-North" that Plaintiff "strictly adhered to the daily schedule of required [religious] washings and ablutions." Pls. Opp. at 22. This kind of conclusory assertion is not sufficient to nudge the pleadings across the line of plausibility. *Iqbal*, 556 U.S. at 680.

Moreover, even if Sergeant Bunch were aware of the religious practices on the block, the contraband search is reasonably related to a legitimate penological interest in maintaining the safety and security of the institution. *Salahuddin v. Goord*, 467 F.3d 263, 275 (2d Cir. 2006) (The defendants bear the "relatively limited burden of identifying legitimate penological interests that justify the impinging conduct"); Defs. Memo of Law, p. 10-12. And no substantial burden on Plaintiff's free exercise was imposed, especially considering that Plaintiff did have access to water.

**POINT V:    PLAINTIFF FAILS TO ALLEGE DEFENDANT COLE'S PERSONAL INVOLVEMENT**

Plaintiff's complaint does not allege any facts which would indicate that Sergeant Cole was personally involved in a constitutional violation. *See* Defs. Memo of Law, p. 6. Nor does his Opposition explain the lack of factual allegations; rather, it simply attempts to cast Sergeant Cole as having participated in the acts alleged about Defendants Pappas, Sorge, Gascho and Waithe. Pls. Opp. at 28. Plaintiff's allegations against Defendant Cole in the SAC, however, are conspicuously minimal, contrary to the allegations raised against the other Defendants allegedly involved in the November 2015 Use of Force Incident. SAC ¶¶ 71-77; *cf.* ¶78. This, of course, is insufficient to save his claim from dismissal.

**CONCLUSION**

For the reasons set forth above, and in Defendants' opening brief, the claims against Defendant Bunch should be dismissed in their entirety, and the respective claims as against the other Defendants.

Dated: New York, New York
        September 15, 2017

Respectfully submitted,

ERIC T. SCHNEIDERMAN
Attorney General of the
  State of New York
Attorney for Defendants
By:

COLLEEN K. FAHERTY
Assistant Attorney General
120 Broadway
New York, New York 10271
(212) 416-6046
Colleen.Faherty@ag.ny.gov