The Law Office of Ryan Lozar, P.C.
305 Broadway, 10th Floor, New York, NY 10007
Tel: (310) 867-1562; Alternate Tel: (646) 666-8262; Fax 1-877-666-4456
ryanlozar@gmail.com
www.ryanlozar.com

ELECTRONICALLY FILED

**MEMO ENDORSED**

NOVEMBER 16, 2017

Re:   Porter v. Bunch, et al., No. 16 Civ. 5935 (KMK)

Dear Judge Karas:

    I represent Plaintiff Melvin Porter in the above-captioned Section 1983 action alleging, inter alia, that employees of the NYS DOCCS committed misconduct violating Mr. Porter's constitutional rights. The challenged misconduct arises from two incidents: a December 2014 water deprivation order at Sullivan Correctional Facility, and an alleged November 2015 use of excessive force upon Plaintiff at that same location.

    As the Court knows, it partially stayed discovery as to the water-deprivation order claims which are subject to a Defense motion to dismiss, and the Parties are performing discovery that is largely limited to the assault claims and related defenses.

    I write to make a consent motion for extension of fact discovery through and including December 18, 2017. Fact discovery is presently set to close on November 17, 2017, and expert discovery on December 17, 2017.[1] Docket No. 49. The Parties have a conference with the Court on December 15, 2017, at 11:00 a.m., to argue the motion to dismiss the water-deprivation-order-based claims and to discuss the assault litigation as well.

    I request the extension first due to Plaintiff's need to complete depositions. The first part of Plaintiff's deposition (relating to the assault claims but not the water-deprivation-order claims as per the Court's directive) was taken on November 13, 2017, at Sullivan Correctional Facility in Fallsburg, NY. There are some logistical/geographical challenges relating to the examinations of four of the Named Defendants requiring coordination of their, counsels' and potentially DOCCS-facility-officials' schedules. For example, since the incident three of the Named Defendants have been transferred to three different DOCCS facilities in various parts of New York State beyond the 100-mile radius of the courthouse. Some of these locations are far from the City--with two of them near the New York/Canada border upwards of 374 miles from the City of New York (Ogdensburg and Watertown), and the Parties are now finalizing whether they will travel to conduct these examinations or stipulate to conduct them remotely by video.[2]

---

[1] Expert discovery—presently set to close in December 2017--may need to be extended, although the Parties may not perform expert discovery at all. Plaintiff proposes that the Parties will file a status report regarding this subject prior to the December 15, 2017, appearance for discussion then. In the alternative, Plaintiff proposes a mid-January 2018 deadline for expert discovery that we may simply adjourn sin die at the December 15, 2017, appearance if it results that expert discovery is unnecessary.

[2] While the November and December holidays do not motivate the extension request, they do raise natural scheduling challenges to the Parties' finalization of these plans.

Paper discovery is nearly complete, with the exception of a few discrete disputes that the Parties continue to discuss and hope to informally resolve shortly. If the Parties are unable to reach informal resolution of these matters, Plaintiff will file a related motion on or before November 27, 2017, so that the Parties' positions will be fully submitted for the Court by the December 15, 2017, appearance. These disputes will not delay the taking of depositions and will not thwart the proposed December 29, 2017, deadline.

In light of the foregoing, Plaintiff respectfully requests that the Court grant this consent motion for an extension to complete discovery relating to the assault claims through and including December 29, 2017.

Sincerely,

Ryan Lozar

Ryan Lozar

The discovery extension request is granted, but the December 15 argument will go forward.

So Ordered.

11/16/17

Page 2