

The Law Office of Ryan Lozar, P.C.
305 Broadway, 14th Floor, New York, NY 10007
Tel: (310) 867-1562; Alternate Tel: (646) 666-8262; Fax 1-877-666-4456
ryanlozar@gmail.com
www.ryanlozar.com

JANUARY 9, 2018

Re:     Porter v. Bunch, et al., No. 16 Civ. 5935 (KMK)

Dear Judge Karas:

I represent Plaintiff Melvin Porter in the above-captioned Section 1983 action. As the Court knows, there is pending Defense motion to dismiss Mr. Porter's claims against DOCCS Sergeant Bunch relating to a water-deprivation order. On December 15, 2017, the Court held oral argument on the motion. Docket Entry 12/15/2017; see Docket No. 52-53 (motion); Docket No. 54 (opposition); Docket Nos. 59-60 (reply).

During oral argument, the Court directed Plaintiff to notify the Court whether he wished to amend the pleading to clarify select allegations, and to submit a proposed schedule for seeking leave from the Court to do so. Docket Entry 12/15/2017.

Plaintiff would in fact like to file an amended complaint to clarify certain allegations. At the same time, Plaintiff represents that he intends for this amendment to be limited so as not to materially change the essence of the legal issues raised by Defendants' pending motion to dismiss, and already briefed and argued by the Parties. I have conferred with Defense Counsel Colleen Faherty regarding how Plaintiff will proceed to seek the Court's leave, and she is aware that I will propose the following handling for the Court's consideration.

Plaintiff suggests that on or before Friday, January 12, 2018, he will file his proposed amended pleading through a letter motion to amend that will not exceed three pages. The filing will attach two Exhibits. Exhibit 1 to the letter motion will contain the proposed pleading with redlines so that the Court and Opposing Counsel can readily locate and consider the desired amendments.[1] Exhibit 2 will be a clean version of the proposed pleading. Next, I propose that Defendants have through and including Thursday, January 19, 2018, to file a letter response.

I propose letter-motion handling rather than full briefing due to the Court's familiarity with the procedural history of the case and the motion to dismiss under advisement. In the event that Defendants request full briefing in their response and the Court finds it appropriate, I will gladly submit a proposed formal motion briefing schedule on request, or simply comply with any such schedule that the Court sets. Thank you for your consideration.

Sincerely,

Ryan Lozar

---

[1] I will use "subparagraphs" in the proposed pleading, also for ease of reference. For example, an amended allegation will appear at proposed ¶ 1.1 or 1.A rather than a proposed new ¶ 2 such that paragraph numbers that are cited in the Parties' already-filed briefs do not completely change throughout the document.