UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - X

MELVIN PORTER,

                        Plaintiff,

            - against –

NYS DOCCS OFFICER JOSHUA PAPPAS,
NYS DOCCS OFFICER STEVEN GASCHO,
NYS DOCCS OFFICER MICHAEL SORGE,
NYS DOCCS OFICER WILLIAM COLE,
NYS DOCCS OFFICER CLIVE WAITHE,

                      Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - X

16 Civ. 5935 (KMK) (JCM)

**DEFENDANTS PAPPAS, GASCHO, SORGE, COLE AND WAITHE'S ANSWER TO PLAINTIFF'S FOURTH AMENDED COMPLAINT**

<u>Jury Trial Demanded</u>

        Defendants Correction Officer ("C.O.") Joshua Pappas, C.O. Steven Gascho, C.O. Michael Sorge, Sgt. William Cole (ret.), and C.O. Clive Waithe (collectively, "Defendants"), employees of the New York State Department of Corrections and Community Supervision ("DOCCS"), by their attorney, Letitia James, Attorney General of the State of New York, hereby answer the Fourth Amended Complaint ("FAC") of plaintiff Melvin Porter ("Plaintiff"), dated April 30, 2019 (ECF #96), as follows:

<u>RESPONSE TO "PRELIMINARY STATEMENT"</u>

        No response is required to the "Preliminary Statement" because it characterizes the FAC and contains only legal conclusions. To the extent a response is required, deny the allegations contained in the "Preliminary Statement" and deny that Defendants violated Plaintiff's civil rights, except admit that Plaintiff was a convicted inmate in DOCCS' custody and control in November, 2015.

1

## RESPONSE TO "NATURE OF THE ACTION"

1.      No response is required to paragraph 1 because it characterizes the FAC and contains only legal conclusions.  To the extent a response is required, deny that they violated Plaintiff's Eighth Amendment rights.

## RESPONSE TO "JURISDICTION AND VENUE"

2.      No response is required to paragraph 2 because it characterizes the FAC and contains only legal conclusions.  To the extent a response is required, deny that they violated Eighth Amendment rights.

3.      No response is required to paragraph 3 because it characterizes the FAC and contains only legal conclusions.

4.      No response is required to paragraph 4 because it characterizes the FAC and contains only legal conclusions.  Defendants do not contest venue in the Southern District of New York.

## RESPONSE TO "JURY DEMAND"

5.      No response is required to paragraph 5 because it characterizes the FAC and contains only legal conclusions.

## RESPONSE TO "PARTIES"

6.      In response to paragraph 6, admit that Plaintiff was incarcerated at Sullivan Correctional Facility in Fallsburg, New York in November, 2015.

7.      Admit that they were, during the period at issue, employed by DOCCS as correction officers.

8.      No response is required to paragraph 8 because it contains only legal conclusions.

9.      No response is required to paragraph 9 because it contains only legal conclusions.

## RESPONSE TO "EXHAUSTION OF ADMINISTRATIVE REMEDIES"

10.     No response is required to paragraph 10 because it characterizes the FAC and contains only legal conclusions.  To the extent a response is required, deny that Defendants violated Plaintiff's constitutional rights, and deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning the filing of a grievance by Plaintiff.

11.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11.

12.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12, except deny that any of the alleged actions would suffice to exhaust available administrative remedies.

13.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13.

## RESPONSE TO "STATEMENT OF FACTS"

### Response to "Defendant Pappas, Sorge and Gascho Use of Excessive and Unjustified Force Upon Plaintiff in the Infirmary Intake Room"

14.     Admit the allegations contained in paragraph 14.

15.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15.

16.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16.

17.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17.

18.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18.

19.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19.

20.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20.

21.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21.

22.     Defendant Pappas denies the allegations contained in paragraph 22; Defendants Waithe Gascho, Sorge, Cole deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22.

23.     Defendant Pappas denies the allegations contained in paragraph 23, except admits that Plaintiff was directed to remain in the infirmary intake room; Defendants Waithe Gascho, Sorge, Cole deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 23.

24.     Defendant Pappas denies the allegations contained in paragraph 24; Defendants Waithe, Gascho, Sorge and Cole deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24.

25.     Defendant Pappas and Sorge deny the allegations contained in paragraph 25; Defendants Waithe, Gascho and Cole deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 25.

26.     Defendants Gascho, Pappas and Sorge deny the allegations contained in paragraph 26, except admit that at some point on November 23, 2015, they may have been together inside the infirmary; Defendants Waithe and Cole deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 26

4

27.     Defendants Gascho, Pappas and Sorge deny the allegations contained in paragraph 27; Defendants Waithe and Cole deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 27.

28.     Defendants Gascho, Pappas and Sorge deny the allegations contained in paragraph 28; Defendants Waithe and Cole deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 28.

29.     Defendant Pappas denies the allegations contained in paragraph 29; Defendants Waithe, Gascho, Sorge and Cole deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 29.

30.     Defendants Pappas, Sorge and Gascho deny the allegations contained in paragraph 30; Defendants Waithe and Cole deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 30.

31.     Defendants Pappas, Sorge and Gascho deny the allegations contained in paragraph 31, except deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 31 concerning the alleged injuries purportedly sustained by Plaintiff; Defendants Waithe and Cole deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 31.

32.     Defendants Pappas, Gascho and Sorge deny the allegations contained in paragraph 32; Defendants Waithe and Cole deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 32.

33.     Defendants Pappas, Gascho and Sorge deny the allegations contained in paragraph 33; Defendants Waithe and Cole deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 33.

34.     Defendants Pappas, Gascho and Sorge deny the allegations contained in paragraph 34; Defendants Waithe and Cole deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 34.

35.     Defendants Pappas, Gascho and Sorge deny the allegations contained in paragraph 35; Defendants Waithe and Cole deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 35.

36.     Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 36, except admit that at some point a response team arrived in the infirmary intake area.

37.     Defendants Waithe and Cole deny the allegations contained in paragraph 37, except admit that upon entering the infirmary they may have observed Plaintiff was in handcuffs.  To the extent the allegations contained in paragraph 37 are alleged against Defendants Pappas, Gascho and Sorge, they deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 37, except admit that at some point on November 23, 2015, Plaintiff was placed in handcuffs.

**Response to "Defendants Pappas, Sorge, Gascho and Waite Used Excessive Force Upon Plaintiff While Transporting Him From the Infirmary Intake Area, and Defendant Cole Failed to Intervene**

38.     Defendants Pappas, Sorge, Gascho and Waite deny the allegations contained in paragraph 38; Defendant Cole denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 38, except denies that Plaintiff's constitutional rights were violated or that excessive force was used on Plaintiff on November 23, 2015.

39.     Deny the allegations contained in paragraph 39, except deny knowledge or information sufficient to form a belief as to the truth of the allegations as to Plaintiff's weight on November 23, 2015.

40.     Defendants Pappas, Sorge, Gascho and Waite deny the allegations contained in paragraph 40; Defendant Cole denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 40.

41.     Deny the allegations contained in paragraph 41.

42.     Deny the allegations contained in paragraph 42.

43.     Deny the allegations contained in paragraph 43.

44.     Deny the allegations contained in paragraph 44.

45.     Deny the allegations contained in paragraph 45.

46.     Defendants Pappas, Sorge, Gascho and Waite deny the allegations contained in paragraph 46; Defendant Cole denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 46.

47.     No response is required to paragraph 47 because it contains a legal conclusion. To the extent a response is required, deny the allegations contained in paragraph 47.

48.     No response is required to paragraph 48 because it contains a legal conclusion. To the extent a response is required, deny the allegations contained in paragraph 48.

49.     Deny the allegations contained in paragraph 49.

### Response to "Fabricated Infraction"

50.     Defendant Pappas denies the allegations contained in paragraph 50, except admits that he issued a misbehavior report to Plaintiff. Defendants Sorge, Gascho, Cole and Waite deny

knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 50.

51. Defendant Pappas denies the allegations contained in paragraph 51. Defendants Sorge, Gascho, Cole and Waite deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 51.

52. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 52.

53. Admit only that Plaintiff alleges the contentions contained in paragraph 53, and deny the truth of the allegations.

54. Defendant Pappas denies the allegations contained in paragraph 54. Defendants Sorge, Gascho, Cole and Waite deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 54.

55. Deny the allegations contained in paragraph 55.

56. Deny the allegations contained in paragraph 56.

57. Deny the allegations contained in paragraph 57.

58. Deny the allegations contained in paragraph 58.

59. Deny the allegations contained in paragraph 59.

60. Deny that Plaintiff is entitled to any relief.

## RESPONSE TO "FIRST CLAIM"

61. In response to paragraph 61, repeat, reiterate and reallege their responses contained in paragraphs 1 through 60 hereof with the same force and effect as if fully set forth herein.

62.     Defendants Pappas, Sorge and Gascho deny the allegations contained in paragraph 62; Defendants Waite and Cole deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 62.

63.     Defendants Pappas, Sorge and Gascho deny the allegations contained in paragraph 63, and Defendants Waite and Cole deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 63.

64.     Deny the allegations contained in paragraph 64.

65.     Deny the allegations contained in paragraph 65.

66.     Deny the allegations contained in paragraph 66.

<u>**RESPONSE TO "SECOND CLAIM"**</u>

67.     In response to paragraph 67, repeat, reiterate and reallege their responses contained in paragraphs 1 through 66 hereof with the same force and effect as if fully set forth herein.

68.     Defendants Pappas, Sorge, Gascho and Waithe deny the allegations contained in paragraph 68, and deny that their conduct caused Plaintiff to sustain any injuries.

69.     Deny the allegations contained in paragraph 69.

70.     No response is required to paragraph 70 because it contains only legal conclusions. To the extent a response is required, deny the allegations contained in paragraph 70.

71.     No response is required to paragraph 71 because it contains only legal conclusions. To the extent a response is required, deny the allegations contained in paragraph 71.

72.     Deny the allegations contained in paragraph 72.

<u>**RESPONSE TO "THIRD CLAIM"**</u>

73.     In response to paragraph 73, repeat, reiterate and re-allege their responses to paragraphs 1 through 72 hereof with the same force and effect as if fully set forth herein.

74.     Deny the allegations contained in paragraph 74.

75.     Deny the allegations contained in paragraph 75.

76.     Deny the allegations contained in paragraph 76.

77.     No response is required to paragraph 77 because it contains only legal conclusions. To the extent a response is required, deny the allegations contained in paragraph 77.

78.     No response is required to paragraph 78 because it contains only legal conclusions. To the extent a response is required, deny the allegations contained in paragraph 78.

79.     No response is required to paragraph 79 because it contains only legal conclusions. To the extent a response is required, deny the allegations contained in paragraph 79.

## RESPONSE TO "PRAYER FOR RELIEF WHEREFORE"

80.     Deny that Plaintiff is entitled to any relief.

## DEFENSES

### AS AND FOR A FIRST DEFENSE

81.     The alleged conduct was properly within the discretionary authority committed to the Defendants to perform in their official function and the relief prayed for would constitute an improper intrusion into said discretionary authority.

### AS AND FOR A SECOND DEFENSE

82.     Defendants at no time acted willfully or maliciously in disregard of Plaintiff's constitutional rights and Plaintiff, therefore, is not entitled to punitive damages or other relief as against them.

### AS AND FOR A THIRD DEFENSE

83.     Defendants are entitled to qualified immunity.

## AS AND FOR A FOURTH DEFENSE

84.     The injuries sustained by the Plaintiff in this action were caused, in whole or in part, or her damages may be limited because his own conduct caused or contributed to the injuries he alleges.

## AS AND FOR A FIFTH DEFENSE

85.     The injuries allegedly sustained by Plaintiff were caused, in whole or in part, by the conduct of one or more parties or entities for whose conduct the Defendants are not responsible.

## AS AND FOR A SIXTH DEFENSE

86.     On information and belief, Plaintiff failed to exhaust available administrative remedies with regard to some or all of his claims, as required by the Prisoner Litigation Reform Act, 42 U.S.C. §1997e(a).

## AS AND FOR A SEVENTH DEFENSE

87.     Plaintiff's claims may be barred, in whole or in part, by his failure to mitigate any damages.

## AS AND FOR AN EIGHTH DEFENSE

88.     Plaintiff's claims may be barred, in whole or in part, by the doctrines of res judicata or collateral estoppel.

## DEFENDANTS' JURY DEMAND

89.     Defendants request and demand a trial by jury.

WHEREFORE, Defendants respectfully request that this Court dismiss the Fourth Amended Complaint in its entirety, and grant such other and further relief as the Court deems just and proper.

Dated: New York, New York
      May 31, 2019

                                      LETITIA JAMES
                                      Attorney General
                                      State of New York
                                      Attorney for Defendants Pappas, Cole, Gascho, Sorge and Waithe
                                      By:
                                            /s/
                                      Bruce J. Turkle
                                      Assistant Attorney General
                                      28 Liberty Street - 18th Floor
                                      New York, New York 10005
                                      (212) 416-8524